UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. KIRK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOCKHEED MARTIN GROUP BENEFITS PLAN NO. 594,<br><br>　　　　Defendant. | Case No. 15-cv-00842-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

Twice defendant Lockheed Martin Group Benefits Plan No. 594 ("the Plan") has overturned on appeal initial decisions to deny and then terminate plaintiff John F. Kirk's disability benefits. Kirk asserts that the Plan breached its fiduciary duty in failing to properly investigate his claims and in initially denying him benefits, and that he is entitled to equitable relief under 29 U.S.C.A. § 1132(a)(3). Pursuant to Civil Local Rule 7-1(b), I VACATE the hearing set for August 5, 2015 on the Plan's motion to dismiss and GRANT the motion with leave to amend because Kirk's first cause of action is moot since his benefits have been paid, and because in his second cause of action Kirk has failed to allege any facts to state a plausible claim for equitable surcharge or other equitable relief.

## BACKGROUND[1]

Kirk was employed by Lockheed Martin Corporation and participated in the Plan, an employee welfare benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). Compl. ¶¶ 3-4 (Dkt. No. 1). The Plan is issued by Life Insurance Company of North America ("LINA"). Robinson Decl. ¶¶ 1-2 (Dkt. No. 17-4). It provides a mandatory internal

---

[1] In reviewing the facts of this case, I assume the truth of the allegations in the complaint, except to the extent that defendants have moved to dismiss for lack of subject matter jurisdiction. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

appeals process: if a claim is denied, a claimant may appeal to the Claims Administrator for review. Master Plan at 24-25 (Dkt. No. 17-2). A claimant has 180 days from the date of the claims denial to appeal, and may request up to two reviews. *Id.* at 25-26.

Kirk is disabled under the terms of the Plan. Compl. ¶ 5. He initially submitted a claim for long term disability benefits in 2012. AR at 730 (Dkt. No. 18). On February 8, 2013, LINA denied Kirk's claim, stating that he was not disabled under the terms of the Plan. *Id.* at 321-23. Kirk appealed the decision on October 28, 2013, *id.* at 538, and filed a lawsuit in federal court on November 14, 2013. Dkt. No. 17-13. LINA overturned the decision on December 12, 2013. AR at 318. Kirk received his benefits and dismissed the lawsuit.

A second review of Kirk's benefits occurred after 24 months of benefits were paid, as required by the terms of the Plan. *See id.* at 1015 (stating that for the first 24 months, an employee qualifies for benefits if he is unable to perform duties of his "regular occupation," but that after the first 24 months, he must be unable to perform "any occupation"). In evaluating Kirk's disability, LINA ordered a functional capacity examination ("FCE") through an independent vendor, who then retained another facility to perform the FCE. *Id.* at 392-411.

The FCE concluded that Kirk's performance on the examination was invalid and unreliable. *Id.* at 392-94. Based upon the FCE, LINA informed Kirk that "we are unable to continue paying benefits beyond February 11, 2015." *Id.* at 287. In the same letter denying benefits, LINA outlined the Plan's appeals process and stated that Kirk had a right to pursue legal action only after the process was exhausted. *Id.* at 289-90.

Kirk filed but did not contemporaneously serve the Plan with a four-page complaint on February 24, 2015. The first claim for relief alleges that the Plan, "acting by and through its agent and claims fiduciary," failed to pay him disability benefits to which he is entitled. Compl. ¶ 6. It asserts that the Plan breached its obligations to Kirk by failing to fulfill its obligations under the Plan and by "by unreasonably and wrongfully failing to conduct and complete timely a proper investigation and review of plaintiff's claim for disability insurance benefits, and by terminating payment of plaintiff's benefits without a reasonable basis for such termination." *Id.* ¶ 8.

The second claim for relief alleges a breach of fiduciary duty. *Id.* ¶ 11. It contends that

the Plan did so "by failing to administer the Plan in accordance with the purposes of the Plan and for the exclusive benefit of its beneficiaries, by unreasonably and wrongfully failing to conduct and complete timely a proper investigation and review of plaintiff's claim for disability insurance benefits, and by terminating payment of plaintiff's benefits without a reasonable basis for such termination." *Id.* The complaint states that Kirk will continue to suffer losses such as "loss of disability benefits, interest on those benefits, consequential damages, and attorneys' fees and expenses." *Id.* ¶ 12.

On April 3, 2014, Kirk submitted a request for reconsideration to LINA. AR at 904. He mentioned this lawsuit and the urgency he felt in having his benefits restored. *Id.* Kirk included a medical evaluation that he had undergone that concluded that he was disabled. *Id.* at 904-05. On April 15, LINA informed Kirk that it had received his appeal and that he would be contacted within 15 days. *Id.* at 924. On April 23, Kirk was notified that his appeal was being considered by the Disability Appeals Team. *Id.* at 931.

The Plan overturned Kirk's denial of benefits on April 28, 2015. AR at 17, 934. It informed him that he was entitled to continuing benefits and issued a check for back benefits. *Id.* at 935. Kirk served the Plan with this lawsuit on May 7, 2015.

**LEGAL STANDARD**

The Plan moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Rule 12(b)(6). Mot. 1, 9 (Dkt. No. 17).

An attack under Rule 12(b)(1) for mootness can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a factual attack is raised, the plaintiff must support the jurisdictional allegations with "competent proof[] under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (internal quotations and citations omitted). "If the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before

1   the court, the party opposing the motion must furnish affidavits or other evidence necessary to
2   satisfy its burden of establishing subject matter jurisdiction." *Wolfe v. Strankman*, 392 F.3d 358,
3   362 (9th Cir. 2004) (internal quotations omitted).
4         Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint
5   if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to
6   dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
7   face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible
8   when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the
9   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
10  (citations omitted). There must be "more than a sheer possibility that a defendant has acted
11  unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff
12  must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550
13  U.S. at 555, 570.
14        In deciding whether the plaintiff has stated a claim upon which relief can be granted, the
15  court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the
16  plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court
17  is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of
18  fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
19  2008).

## DISCUSSION

21        The Plan moves to dismiss on two grounds: that Kirk's claims are moot, and that Kirk
22  failed to exhaust his administrative remedies. Mot. 1. The question is whether claims under
23  ERISA sections 502(a)(1)(B) or 502(a)(3) can survive given that he has been and is being paid the
24  benefits to which he is entitled.

### I. BENEFITS DUE UNDER THE PLAN

26        Kirk does not dispute that he has been paid his benefits, and that his first cause of action
27  under ERISA section 502(a)(1)(B) is moot. Instead, he argues that he is entitled to equitable
28  relief. Oppo. 4 (Dkt. No. 26). If he is entitled to equitable relief, he must rely on his second cause

of action under section 502(a)(3). Kirk's first cause of action for benefits is moot.

## II. EQUITABLE RELIEF

Kirk's second cause of action for breach of fiduciary duties is based upon the same factual allegations as his first cause of action: that the Plan improperly failed to pay him benefits and that it failed to conduct a proper investigation. The Plan argues that this cause of action is also moot because the requested relief has already been granted. Mot. 12-13. In opposition, Kirk indicates that he seeks equitable relief under ERISA section 502(a)(3). *See* Oppo. 18-19 (citing cases that denied motions to dismiss because plaintiffs could seek equitable relief under section 502(a)(3)).

Under section 502(a)(3), a participant or beneficiary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C.A. § 1132(a)(3). The Supreme Court has construed "appropriate equitable relief" to mean the categories of relief that were typically available in equity courts before the merger of law and equity. *CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1878 (2011).

Remedies that are appropriate under section 502(a)(3) include injunctive relief, reformation of a plan, estoppel, or an "equitable surcharge." *Id.* at 1879-80. The latter form of relief provides "monetary 'compensation' for a loss resulting from a trustee's breach of duty," or prevention of "the trustee's unjust enrichment." *Id.* at 1880. However, "a fiduciary can be surcharged under § 502(a)(3) only upon a showing of actual harm," including detrimental reliance, loss of a right, or loss of information. *Id.* at 1881; *see also Mayhew v. Hartford Life & Acc. Ins. Co.*, 822 F. Supp. 2d 1028, 1031 (N.D. Cal. 2011) (section 502(a)(3) "authorizes only those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)") (internal quotations omitted).

The Ninth Circuit has stated that section 502(a)(3) "allow[s] individual relief for a breach of fiduciary duty in an ERISA action only where no other adequate relief is available." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Where relief under section 502(a)(1) provides an

adequate remedy for a defendants' conduct, the court will not award relief under this "safety net" or "catchall provision" in section 502(a)(3). *Id.*; *see also Bowles v. Reade*, 198 F.3d 752, 760 (9th Cir. 1999) ("Reliance on § 502(a)(3) is not necessary in this case to prevent the denial of a remedy" since 502(a)(2) provided relief); *Egashira v. Boeing Co.*, 16 F. App'x 808, 809 (9th Cir. 2001) (finding same where 502(a)(1)(B) provided relief).

In *Echague v. Metropolitan Life Insurance Co.*, I addressed the propriety of section 502(a)(3) claims brought in conjunction with section 502(a)(1)(B) claims. I noted that although courts will dismiss 502(a)(3) claims where they are "merely duplicative of the (a)(1)(B) claims," they will permit causes of action under both 502(a)(3) and (a)(1)(B) "under the right circumstances." *Echague v. Metro. Life Ins. Co.*, 43 F. Supp. 3d 994, 1012-13 (N.D. Cal. 2014). I found that the plaintiff stated a claim under section 502(a)(3) for an equitable surcharge because he sought relief on a different theory from his 502(a)(1)(B) claim, and that an "important factor is that adequate relief for alleged fiduciary breaches by [the defendant] is only available under (a)(3)." *Id.*

To the extent that Kirk's second claim pleads a cause of action for equitable relief, it is not moot. He does not need to exhaust administrative remedies to state a claim for equitable relief. *See Diaz v. United Agr. Employee Welfare Ben. Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995) ("ERISA's usual exhaustion requirements do not apply where a claimant's action is based on a statutory violation."); *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1294 (9th Cir. 2014) (same). But he does need to state a plausible claim under Rule 12(b)(6), and he has not done so.

Fundamentally, the complaint does not actually allege a violation of section 502(a)(3) or request any specific equitable relief, such as reformation or an injunction. It merely repeats the allegations in the first claim for relief for benefits, contending that the Plan therefore breached its fiduciary duties. To the extent that Kirk seeks an equitable surcharge, he has not alleged any actual harm, since his benefits were reinstated and paid in full.

In his Opposition, Kirk discusses the "troubling" behavior of the Plan, suggesting that he may seek removal of the claim fiduciary. Oppo. 4. He indicates that the FCE report was forged,

and suggests that the termination of benefits disqualified him from obtaining a mortgage, causing him to incur additional losses as a result of the Plan's actions. *Id.* at 4, 15. However, none of this information is in the complaint, and there are no allegations for relief based on such actions. The complaint is devoid of facts that support a claim for equitable relief on the grounds stated in Kirk's brief.

This case is unlike *Echague* and like *Forsyth*, *Bowles*, *Egashira*, and other Ninth Circuit authority that dismissed 502(a)(3) claims as duplicative of 502(a)(1)(B) benefits claims. *See Moyle v. Liberty Mut. Retirement Ben. Plan*, 985 F. Supp.2d 1247, 1268 (S.D. Cal. 2013) (dismissing 502(a)(3) claim where, "[a]lthough couched in terms of equitable relief, in essence, Plaintiffs seeks monetary relief for their denial of past service credit benefits under the Plan"); *cf. Zisk v. Gannett Company Income Prot. Plan*, 2014 WL 5794652, at *1 (N.D. Cal. Nov. 6, 2014) (denying motion to dismiss where plaintiff pleaded equitable surcharge based upon specific injuries such as penalties and interest incurred using retirement funds instead of disability benefits). Kirk's equitable relief claim requests identical relief to his benefits claim. As pleaded, Kirk fails to state a plausible claim.

The Plan contends that Kirk may not assert a claim for breach of fiduciary duty against it, Reply 13-14 (Dkt. No. 29), relying on the principle in the Ninth Circuit that "actions against ERISA fiduciaries generally cannot be brought on behalf of individuals." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000); *see also Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437, 1445 (9th Cir. 1995) ("Individual beneficiaries may bring fiduciary actions against the plan fiduciaries, but they must do so for the benefit of the plan and not their individual benefit."). As the cases above illustrate, although it is unclear whether Kirk may assert such a claim on his own behalf, it is possible for an individual to bring a claim for breach of fiduciary duty against a plan. At least one case within this district has held that a plaintiff may bring a fiduciary action under section 502(a)(3) for his or her own benefit. *See Sconiers v. First Unum Life Ins. Co.*, 830 F. Supp. 2d 772, 778 (N.D. Cal. 2011) (stating that "the Supreme Court recently blessed the equitable remedy of contract reformation for mistreated ERISA beneficiaries under Section 1132(a)(3)"). I need not address this question now because Kirk's claim for breach of

1 fiduciary duty fails to state a claim.  It is unclear what relief Kirk seeks, let alone whether he
2 brings the claim for the benefit of the plan or solely for his benefit.

## CONCLUSION

For the above reasons, I GRANT the Plan's motion to dismiss with leave to amend.  Kirk may file an amended complaint within 20 days if he so chooses, addressing the deficiencies outlined above.

The Case Management Conference set for August 5, 2015 is VACATED.  The Plan shall re-notice it for October 6, 2015, in the event Kirk files an amended complaint and the Plan answers it, or, if the Plan again moves to dismiss, for the date of the hearing on the motion.  No supplemental Joint Case Management Statement is necessary unless there are developments of which the Court should be aware.

**IT IS SO ORDERED**.

Dated: August 4, 2015



WILLIAM H. ORRICK
United States District Judge